### Redden & Echols v. Lucy R. Slimpert.

1. VERDICTS—*Contrary to the Evidence.*—The evidence in this case shows that the lien of the mortgage sought to be foreclosed was discharged, hence the verdict was wrong, and the judgment rendered in pursuance of it must be reversed.

Replevin, to recover goods taken under a mortgage. Appeal from the Circuit Court of Pulaski County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the February term, 1897. Reversed and remanded. Opinion filed June 10, 1897.

L. M. BRADLEY, attorney for appellants.

BOYD, WALL & BRISTOW, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This suit in replevin was brought by appellee to recover certain personal property, and was tried under a stipulation "that any evidence that would be competent under any spe-

cial plea or replication may be offered under plea of general issue." The jury returned a verdict for the plaintiff, finding she was entitled to the possession of the property replevied. Appellant's motion for a new trial was overruled and judgment on the verdict and for costs was entered for plaintiff, to reverse which judgment appellants took this appeal. The plaintiff offered in evidence, and relied, for recovery on, a chattel mortgage given by appellants, upon "the entire stock of goods and fixtures in store now occupied by firm of Redden & Echols," conditioned that the firm of Redden & Echols pay the note for $682, payable to appellee or order, seven months after June 4, 1895, in installments of $100 per month until paid. This note and $300 in cash ($982) were given to pay for a stock of goods and fixtures bought by appellants of one Will Slimpert, and upon a condition that any mistake in the invoice was to be corrected, if any was afterward found to have been made; the invoice was delivered to appellants by Slimpert, and footed up $982.

The main defense, and the only one necessary to notice, is, that appellants had paid the whole amount really due on the note secured by said mortgage when appellee's agent demanded possession, by virtue of the mortgage, of the property therein described. The invoice was delivered to appellants and was not examined by them until just before the last payment of $70 was made to appellee's agent and credited upon said note. He was then told that there was an error in the invoice, and an item of $125.35 appearing therein was shown him, and, unlike every other item, there was nothing to show for what that sum was charged. The agent was asked to correct the invoice by striking out this erroneous charge, but declined to do so. The evidence clearly proved that appellants had received nothing, and that said charge was without any consideration, and, in fairness and honesty, should have been deducted from the sum of $982, leaving the sum of $823.65 as the real amount due for the stock and fixtures bought by appellants. Of this price, $300 was paid in cash when the sale was made, and the note should have been given for $556.65, instead of $682,

for the balance due. Appellants paid in monthly install-ments the sum of $578.73 before demand was made or the suit was commenced, which was more than the real debt the mortgage was given to secure, and thus discharged the lien thereof. There was a failure of consideration to the amount of the erroneous item, and under the stipulation this was a defense the appellants could interpose evidence to support.

Par. 13, Chap. 93, p. 2802, Starr & Curtis' Rev. Stat., pro-vides: " If it shall appear consideration has failed in part, the plaintiff shall recover according to the equity of the case." But the right of a *bona fide* assignee before matu-rity of a negotiable instrument is not affected by this provision.

In this case, as before stated, appellee was the payee of the note secured, and relied upon the mortgage lien to estab-lish her right to recover. The lien was discharged, as shown by the evidence, and the verdict was wrong.

The court erred in overruling appellant's motion for a new trial and entering judgment on the verdict. The judg-ment is reversed and the cause is remanded.